# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY W. WILSON, SR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 15-1415 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| GREENE COUNTY CYS[1] and GREENE ) | |
| COUNTY COURT OF COMMON PLEAS ) | |
| ) | |
| Defendants. ) | |

## ORDER

On October 30, 2015, Plaintiff Anthony Wilson filed a Motion to Proceed *in forma pauperis*. Doc. 1. The Court granted Plaintiff's Motion (Doc. 2) and the Clerk filed Plaintiff's Complaint (Doc. 3) and Motion for Emergency Relief Injunction. Doc. 4.

As best as the Court can discern, Plaintiff seeks for the Court to intervene to address the Order for Emergency Protective Custody regarding Plaintiff's minor child S.G.W. (Doc. 3 Ex. 3), claiming he was denied due process when minor child S.G.W. was placed into temporary foster care. It is clear from the record that a hearing on the Emergency Order was scheduled for October 28, 2015, (Doc. 3 Ex. 3 at 2.), at which the Court assumed Plaintiff was free to exercise his due process rights.

The Court is unaware of any authority that would permit it to intervene in an ongoing state custody dispute. The exercise of federal jurisdiction over a child custody action seeking injunctive relief is improper. Moore v. Sims, 442 U.S. 415 (1979) (citing Younger v. Harris, 401

---

[1] Plaintiff lists Greene County CYF as a Defendant, however in Greene County, the child protective services organization is Children and Youth Services ("CYS"), not Office of Children, Youth and Families ("CYF"). Having reviewed the materials attached to Plaintiff's motion, there is no indication that CYF had any role in this case.

U.S. 37 (1971) (counseling federal-court abstention when there is a pending state proceeding)).

Further, and to the extent Plaintiff seeks review of a Greene County Court of Common Pleas final decision, this Court lacks that authority as well.[2] Federal court challenges to a state court decision are barred by the Rooker-Feldman doctrine. See Mireles v. Waco, 502 U.S. 9 (1991); Forrester v. White, 484 U.S. 219, 225 27 (1988); Stump v. Sparkman, 435 U.S. 349 (1978). As summarized by the Supreme Court:

> Federal district courts… are empowered to exercise original, not appellate, jurisdiction. Plaintiffs in Rooker and Feldman had litigated and lost in state court. Their federal complaints, we observed, essentially invited federal courts of first instance to review and reverse unfavorable state court judgments. We declared such suits out of bounds, i.e., properly dismissed for want of subject matter jurisdiction.

Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).

Consistent with the foregoing, Plaintiff's Motion for Emergency Injunctive Relief is DENIED. As this "Emergency Relief" is the sole relief Plaintiff seeks, this action is hereby DISMISSED for lack of subject matter jurisdiction.

IT IS SO ORDERED.


November 19, 2015                    s\Cathy Bissoon
                                     Cathy Bissoon
                                     United States District Judge

---

[2] The Court notes that there is no indication in the record that there has been a final judgment by any court.

cc (via First-Class U.S. Mail):

Anthony W. Wilson Sr.
1406 Ravine St.
Pittsburgh, PA 15132

cc (via ECF email notification):

All Counsel of Record